73 F.3d 371
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Brian EARL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Brian EARL, Defendant-Appellant.
 Nos. 95-10237, 95-10238.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Dec. 27, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Brian Earl appeals the district court's modification of his supervised release term following Earl's violation of a condition of supervised release. Earl was convicted in 1989 for conspiracy to commit bank fraud and possession of false identification, in violation of 18 U.S.C. Secs. 371, 1344, and 1028(a)(3). Earl contends that the district court erred by imposing both a two-month term of home detention and an additional term of supervised release. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo issues of law. United States v. Behnezhad, 907 F.2d 896, 898 (9th Cir.1990). Prior to the expiration of the defendant's supervised release term, the district court may modify the term by enlarging the conditions of supervised release. 18 U.S.C. Sec. 3583(e)(2) (1988). As a condition of supervised release the district court may order that a defendant remain at his place of residence during nonworking hours and comply with electronic monitoring. See 18 U.S.C. Secs. 3583(d), 3563(b)(20) (1988).
 
 
 4
 Here, Earl admitted that he violated the terms and conditions of his supervised release. At his disposition hearing, the district court decided not to revoke Earl's supervised release, but instead continued the previously imposed supervised release. In addition, the district court modified the conditions of supervised release to require Earl to participate in a substance/alcohol abuse program and to serve two months of home detention.
 
 
 5
 The district court properly modified the conditions of Earl's term of supervised release. See 18 U.S.C. Sec. 3583(e)(2). Contrary to Earl's argument, the district court did not revoke Earl's term of supervised release under 18 U.S.C. Sec. 3583(e)(3) or attempt to impose an improper sentence. See Behnezhad, 907 F.2d at 898 (district court may not revoke a defendant's term of supervised release, order a term of incarceration, and then reimpose another term of supervised release). Home detention does not constitute a revocation of Earl's supervised release or further incarceration. Home detention is a permissible condition of supervised release. See 18 U.S.C. Secs. 3583(d), 3563(b)(20). Accordingly, the district court did not err by modifying Earl's conditions of supervised release to include two months of home detention.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3